# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA ELLIOTT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEPUTY ANDRES SOLIS, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01214-LJO-SAB<br><br>ORDER RE GUARDIAN AD LITEM<br><br>DEADLINE: OCTOBER 18, 2017 |

Minor Plaintiff D.E.[1] and Plaintiff Sophia Elliott filed this action in Fresno County Superior Court on May 4, 2017. On September 8, 2017, this action was removed to the Eastern District of California. Minor Plaintiff D.E. filed this action through his guardian ad litem, Sophia Elliott. However, there is nothing in the record to show that Sophia Elliott has been appointed by the State court as guardian ad litem for the minor in this matter.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the

---

[1] The Court uses the initials of the minor plaintiff even though the parties have filed documents with the minor plaintiff's full name. Plaintiffs filed the complaint in State court using the minor plaintiff's name. (ECF No. 1-1.) The Court notes that Federal Rule of Civil Procedure 5.2(a) states that unless the court orders otherwise, a filing that contains the name of an individual known to be a minor should only include the minor's initials. Federal Rule of Civil Procedure 5.2(h) states that a person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal. The Court notes that Plaintiffs may have waived the protection of Rule 5.2(a) and the parties should clarify this in future filings.

1

litigation. <u>United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.</u>, 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. <u>Id.</u> "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." <u>Id.</u> A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." <u>AT&T Mobility, LLC v. Yeager</u>, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. <u>Id.</u> (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." <u>Gonzalez v. Reno</u>, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. <u>Gonzalez v. Reno</u>, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. <u>Anthem Life Ins. Co. v. Olguin</u>, No. 1:06-CV-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. <u>Id.</u> at *2.

Accordingly, IT IS HEREBY ORDERED that on or before October 18, 2017, Plaintiffs shall either file a notice regarding appointment of Sophia Elliott as guardian ad litem by the State court or a petition for appointment of guardian ad litem in this action.

IT IS SO ORDERED.

Dated: **October 11, 2017**

UNITED STATES MAGISTRATE JUDGE

2