# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA ELLIOTT, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANDRES SOLIS, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01214-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS AND GRANTING COUNTY DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT<br><br>ORDER VACATING OCTOBER 25, 2017 HEARING<br><br>(ECF Nos. 4, 5, 10, 13)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Defendants County of Fresno ("Fresno County"), Deputy Andres Solis ("Deputy Solis"), Fresno County Sheriff's Department ("Sheriff's Department") (collectively, "County Defendants") motion to dismiss and motion for a more definite statement. (ECF Nos. 4, 5.) The matter was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 6.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on October 25, 2017, will be vacated and the parties will not be required to appear at that time.

Having considered the moving, opposition and reply papers, as well as the Court's file, the Court recommends that County Defendants' motion to dismiss be granted and County Defendants' motion for a more definite statement be granted.

# I.
# PROCEDURAL HISTORY

On May 4, 2017, Plaintiffs Sophia Elliott ("Ms. Elliott") and Dominic Elliott[1] ("Minor Plaintiff") (collectively, "Plaintiffs") filed this action in Fresno County Superior Court. (ECF No. 1-1.) On September 8, 2017, County Defendants removed this action to the Eastern District of California with the consent of Defendants Robert Ross ("Mr. Ross") and Patrick J. McComb, dba Drive America ("Mr. McComb"). (ECF No. 1.)

On September 15, 2017, County Defendants filed their motion to dismiss, motion for a more definite statement, and memorandum for both motions. (ECF Nos. 4, 5.) On September 19, 2017, Chief Judge Lawrence J. O'Neill referred the motions to the undersigned for issuance of findings and recommendations. (ECF No. 6.) The undersigned set the motions for October 25, 2017. (ECF No. 8.) On October 11, 2017, Plaintiffs filed their opposition. (ECF No. 10.) On October 18, 2017, County Defendants filed their reply. (ECF No. 13.)

# II.
# ALLEGATIONS IN COMPLAINT

Plaintiffs allege that on or about April 21, 2016, at approximately 8:40 p.m., Deputy Solis of the Sheriff's Department, in his capacity as a sheriff's deputy, followed a vehicle designated as a driver's training vehicle ("the vehicle"), owned by Mr. McComb. (Compl. ¶ 7, ECF No. 1-1.) The vehicle was driven by Minor Plaintiff, a sixteen year-old driver's training student, when Deputy Solis observed the vehicle going northbound on Blackstone Avenue near the intersection

---

[1] The Court finds that Plaintiffs have waived the protection of Rule 5.2(a) regarding the minor plaintiff's full name, and therefore, the Court uses the full name of the minor plaintiff. As the Court noted in the October 12, 2017 order regarding guardian ad litem, Federal Rule of Civil Procedure 5.2(h) states that a person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal. (ECF No. 11.) The Court had noted that Plaintiffs may have waived the protection of Rule 5.2(a) and instructed the parties to clarify this in future filings. (ECF No. 11.) In Plaintiffs' October 18, 2017 notice of the application and order for appointment of guardian ad litem that was filed in state court, Plaintiffs used the minor plaintiff's full name multiple times.

with Shields Avenue. (Id. ¶ 8.) Mr. Ross, a driving instructor, who was in the course and scope of his employment with Mr. McComb, instructed Minor Plaintiff to make a lane change into the left-hand turn lane on northbound Blackstone and Bullard Avenue, whereby he would practice making a legal U-turn at the intersection of Blackstone Avenue and Bullard Avenue. (Id. ¶ 9.) Minor Plaintiff then made a legal lane change into the left-hand turn lane, stopped the vehicle, and waited for the signal to change. (Id. at ¶ 10.) When the signal changed to green for vehicles in the left-hand turn lane, Minor Plaintiff made the U-Turn. (Id. ¶ 12.) Deputy Solis had followed the vehicle and activated his emergency lights while Minor Plaintiff was making the U-turn. (Id. ¶ 13.) Deputy Solis and other officers of the Sheriff's Department performed a "high-risk" felony traffic stop on the vehicle because the vehicle allegedly displayed a license plate that had been lost or stolen, or reflected the vehicle had been stolen. (Id. ¶ 14.) Deputy Solis and the other officers had their firearms drawn when they approached the vehicle, and did not ask for identification or listen to Mr. Ross, who repeatedly said that he was a driver's training instructor and that Minor Plaintiff was his student. (Id. ¶¶ 15, 16, 17.) Although Deputy Solis and the other officers had direct knowledge that the subject vehicle was a driver's training car and Mr. Ross stated that he was a driver's training instructor and that Minor Plaintiff was his student, they ordered Minor Plaintiff to exit the vehicle and he was arrested without probable cause. (Id. ¶¶ 16, 17, 18.) Deputy Solis grabbed Minor Plaintiff's arm and handcuffed him, causing severe injuries to Minor Plaintiff's right upper extremity, including complex pain syndrome type 2, which Minor Plaintiff has been advised by his physicians may be a life-long debilitating injury, along with other injuries, pain, contusions, and post-traumatic stress disorder. (Id. ¶ 19.) Minor Plaintiff also suffered emotional distress. (Id. ¶ 20.)

Plaintiffs allege that the deliberate indifference and callous disregard by County Defendants resulted in the conscious decision to not immediately, or even within a reasonable time, call for an ambulance or provide appropriate medical care despite Minor Plaintiff wailing and crying in pain and agony after grabbing Minor Plaintiff's right arm and handcuffing it. (Id. ¶ 32.) Deputy Solis reasoned that he did not call for an ambulance because he had called for backup based on his belief that Minor Plaintiff, in a battered state, was dangerous. (Id.)

**III.**

**LEGAL STANDARDS**

**A.    Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216.

**B.    Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) permits such a motion when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." U.S. E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) (citing Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005)). "Where the complaint is specific enough to apprise the responding party of the substance of the claim being

asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." U.S. E.E.O.C., 842 F. Supp. 2d at 1250 (citing Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)). "[M]otions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]' " U.S. E.E.O.C., 842 F. Supp. 2d at 1250 (quoting Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

## IV.

## DISCUSSION

### A. Motion to Dismiss

County Defendants move to dismiss multiple causes of action, the punitive damages claim against Fresno County, and Fresno County Sheriff's Department as a defendant. Plaintiffs concede on several of County Defendants' arguments and contest the others.

#### 1. Fresno County Sheriff's Department as a Defendant

County Defendants assert that the Sheriff's Department is not a proper defendant in this action because asserting a claim against a municipal department is not an appropriate way to plead a section 1983 action against a municipality. Plaintiffs argue that they may name a municipal department as a defendant in a § 1983 action, and that the practical effect of naming a municipal department as defendant is that the suit will be construed as against the municipality itself.

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Monell v. Dep't of Social Services of New York, 436 U.S. 658, 690-91 & n. 54 (1978); County of Los Angeles v. Superior Court, 68 Cal.App.4th 1166, 1171, (1998).

Here, Plaintiffs allege that Fresno County directs and controls the Sheriff's Department. Plaintiffs name Fresno County as a defendant, so naming the Sheriff's Department is unnecessary. As Plaintiff asserts state law claims against the Sheriff's Department, it cannot be

5

held liable for damages separate from Fresno County, and therefore, it is unnecessary to name it as a separate defendant. See Alston v. County of Sacramento, No. CIV S-11-2281 GEB GGH PS, 2012 WL 2839825, * 2 (E.D. Cal. July 10, 2012).

The Court finds that amendment of claim against the Sheriff's Department would be futile, and therefore, the Court recommends that the Sheriff's Department be dismissed without leave to amend.

    2.    <u>Punitive Damages against Fresno County</u>

County Defendants argue that the request for punitive damages against Fresno County should be dismissed. Plaintiffs concede that Fresno County is immune from punitive damages. Therefore, the Court finds that the request for punitive damages against Fresno County should be dismissed without leave to amend.

    3.    <u>First Cause of Action for 42 U.S.C. § 1983</u>

The first cause of action is entitled 42 U.S.C. § 1983 and excessive force. However, in this cause of action there are claims under the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment related to excessive force and due process rights. County Defendants challenge the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment claims.[2]

**a.    Fifth Amendment**

County Defendants argue that the Fifth Amendment claim should be dismissed because Plaintiffs do not allege that any of the defendants are federal actors and the Fifth Amendment Due Process Clause only applies to actions of the federal government. Plaintiffs argue that the right set forth in the Fifth Amendment to due process of law is fundamental to "our Nation's particular scheme of ordered liberty and system of justice," and therefore, it is applicable to state actors.

The Ninth Circuit has held that a Fifth Amendment claim against a local law enforcement

---

[2] The Court notes that the second and third causes of action are against County of Fresno under 42 U.S.C. § 1983 and <u>Monell</u>. While Plaintiffs refer to County of Fresno in the first cause of action under a <u>Monell</u> theory of liability, this is unnecessary as there are separate and distinct <u>Monell</u> claims pled in the complaint. Plaintiffs also refer to County of Fresno being vicariously liable under California Government Code § 815.2. Plaintiffs are reminded that there is no vicarious liability under 42 U.S.C. § 1983.

1 official is foreclosed by the Constitution because "the Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) (citations omitted).

Here, like in Bingue, Plaintiffs do not allege that any of the defendants are federal actors.[3] See Bingue, 512 F.3d at 1174. Plaintiffs have alleged that Deputy Solis was working as a local law enforcement official for Fresno County, a local law enforcement entity, at the time of the instant incident. As it appears that the claim under the Fifth Amendment cannot be cured by amendment, the Court recommends that the Fifth Amendment claim be dismissed without leave to amend.

### b. Eighth Amendment

County Defendants argue that the Eighth Amendment claim should be dismissed because Minor Plaintiff was a pretrial detainee, and therefore, the Eighth Amendment does not apply. Plaintiffs concede that the Eighth Amendment does not apply to the first cause of action and request that paragraphs 25 and 29 be amended to remove the reference to the Eighth Amendment. Therefore, the Court finds that the first cause of action regarding the Eighth Amendment should be dismissed without leave to amend.

### c. Fourteenth Amendment

County Defendants argue that Plaintiffs have not sufficiently pled a Fourteenth Amendment claim for deliberate indifference to serious medical need because they have not presented any factual allegations supporting their conclusory statements and they have not demonstrated what the medical needs of Minor Plaintiff were or that defendant(s) were aware of those medical needs. Plaintiffs argue that they have sufficiently pled a Fourteenth Amendment claim for deliberate indifference to Minor Plaintiff's serious medical needs.

The Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately

---

[3] In their reply, County Defendants assert that Plaintiffs have not alleged any nexus between the federal government and Deputy Solis, any other deputy, or Fresno County whereby the Fifth Amendment could apply. Plaintiffs do not argue in their opposition or mention in the complaint that there is a nexus between the federal government and Deputy Solis, any other deputy, or Fresno County. There are also no facts alleged that indicate that there may have been a nexus. Therefore, the Court does not address this point further.

indifferent to the detainee's serious medical needs. Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1242–43 (9th Cir. 2010). A pretrial detainee's claims alleging denial of medical care are evaluated under the deliberate indifference standard. Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010). At this time, it is unclear what state of mind requirement applies to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment.

The Ninth Circuit has held that a pretrial detainee's deliberate indifference claim for failure to protect under the Fourteenth Amendment is subject to an "objective" deliberate indifference standard which differs from the standard under the Eighth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, No. 16-655, 2017 WL 276190 (U.S. Jan. 23, 2017). A pretrial detainee must show something akin to reckless disregard. Id.

Prior to the decision in Castro, the Ninth Circuit had held that a pretrial detainee's claims of denial of medical care were evaluated under the Eighth Amendment's deliberate indifference test which required the plaintiff to prove that the officer was subjectively aware of the risk of harm. Castro, 833 F.3d at 1068 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994) and Conn v. City of Reno, 591 F.3d 1081, 1096 (9th Cir. 2010), cert. granted and judgment vacated, 563 U.S. 915 (2011), opinion reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011)). But relying on the Supreme Court's recent decision in Kingsley v. Hendrickson, 135 S.Ct. 2466, 192 (2015), the Ninth Circuit held that a pretrial detainee's claims for failure to protect arising under the Fourteenth Amendment are subject to only an objective standard. Castro, 833 F.3d at 1069–71. While the Ninth Circuit in Castro did not specifically address the standard as it applies to a pretrial detainee's claim of denial of medical care, based on the Ninth Circuit's finding that only the objective component applies to a pretrial detainee's claims, it would appear that the objective standard now applies to all pretrial detainee's claims.

Here, under either standard, Plaintiffs do not sufficiently state a claim for denial of medical care under the Fourteenth Amendment.

Plaintiffs point to the facts in paragraph 32 of the complaint which state that Minor Plaintiff was "wailing and crying in pain and agony after grabbing the Minor Plaintiff's right arm

8

and handcuffed," and that Deputy Solis "reasoned that he did not call for an ambulance because he had called for backup based on his belief that the Minor Plaintiff, in a battered state, was 'dangerous.' " (Compl. ¶ 32.) Plaintiffs contend that a sixteen year old boy wailing and crying in pain, and specifically the expression of pain through the act of crying or wailing, would have put Deputy Solis on notice that he was suffering from a serious medical need. Plaintiffs assert that the fact that Deputy Solis considered calling an ambulance shows that he was aware of a serious medical need. Plaintiffs argue that they have stated that Deputy Solis disregarded that need because they allege that Deputy Solis elected not to call an ambulance because he called for backup.

Plaintiffs do not sufficiently allege what the serious medical need was for Minor Plaintiff after his right arm was handcuffed. Further, while Plaintiffs allege that Minor Plaintiff was crying or wailing, there is nothing to indicate that the crying or wailing was due to pain, rather than because of the incident itself or another reason. There is also nothing to indicate that Deputy Solis was aware of a substantial risk of serious harm to Minor Plaintiff from his injuries or even that he should have been aware. There is no indication that Minor Plaintiff was holding his arm, stating that his arm hurt, or in some other manner indicating that his arm hurt. Plaintiffs do not plead that it was obvious from the condition of Minor Plaintiff's arm that he required medical care and explain why it was obvious. The fact that Deputy Solis reasoned that he did not call for an ambulance because he had called for backup based on his belief that Minor Plaintiff was dangerous does not sufficiently plead that Deputy Solis was deliberately indifferent to a serious medical need.

Therefore, the Court finds that Plaintiffs have not stated a Fourteenth Amendment claim for deliberate indifference to Minor Plaintiff's serious medical need. However, the Court finds that Plaintiffs should be granted leave to amend as Plaintiffs may be able to allege facts to state a claim. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

1 Therefore, the Court recommends that the Fourteenth Amendment claim for deliberate indifference to Minor Plaintiff's serious medical need be dismissed with leave to amend.

    4. <u>Fifth and Ninth Causes of Action for Assault and Intentional Infliction of Emotional Distress Against Fresno County</u>

County Defendants argue that to the extent the fifth and ninth causes of action allege direct liability against Fresno County, Plaintiffs do not state a claim for direct liability against Fresno County in the fifth and ninth causes of action. County Defendants contend that Plaintiffs do not identify a statute or "enactment" which establishes a basis for direct liability against Fresno County for assault or intentional infliction of emotional distress and that they do not plead with particularity a specific duty of care.

Plaintiffs assert that section 815.2(a) of the California Government Code provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. Plaintiffs contend that they incorporated allegations in the complaint which specifically reference section 815.2(a) into the fifth and ninth causes of action.

County Defendants clarify in their reply that they were not asserting that Plaintiffs failed to state a vicarious liability claim as to the fifth and ninth causes of action. County Defendants are only challenging whether the fifth and ninth causes of action state a claim for direct liability against Fresno County.

The California Tort Claims Act states: "Except as otherwise provided by statute[,][a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815.

There is a distinction between direct claims against the named defendants and vicarious claims based upon an employee's conduct. See Munoz v. City of Union City, 120 Cal.App.4th 1077, 1111 (2004). A government entity may be held 1) directly liable if a specific statute provides for liability or creates a duty of care apart from general tort principles; or 2) vicariously liable for the torts of its employees committed within the course and scope of their employment.

See De Villers v. County of San Diego, 156 Cal.App.4th 238, 251 (2007); Cal. Gov. Code § 815.2(a).

Here, Plaintiffs' argument in their opposition is that they have stated claims against Fresno County in the fifth and ninth causes of action under section 815.2(a) of the California Government Code, which would be vicarious liability based on an employee's conduct. Plaintiffs do not otherwise argue that they have sufficiently pled a direct liability claim against Fresno County in the fifth and ninth causes of action. To the extent the fifth and ninth claims allege direct liability against Fresno County, Plaintiff has not pled a specific statute that provides for liability or creates a duty of care apart from general tort principles. Therefore, the Court recommends that the direct liability claims against Fresno County in the fifth and ninth causes of action be dismissed with leave to amend. See Eminence Capital, LLC, 316 F.3d at 1052.[4]

5. Seventh Cause of Action for Respondeat Superior

County Defendants argue that the seventh cause of action for respondeat superior is actually a theory of liability and not a cause of action. Plaintiffs counter that they have stated a claim for respondeat superior because respondeat superior allows for an employer to be held vicariously liable for torts committed by an employee within the scope of employment and they point to two paragraphs in the complaint where they allege California Government Code section 815.2(a) as a basis for liability. Plaintiffs also assert that the respondeat superior claim is alleged with particularity because the claim incorporates paragraphs 1 through 67 and Plaintiffs specifically point to paragraphs 4, 7, 22, 40(a), 40(b), 40(c), 41, 42, 46, 47, 48, 49, and 69 of the complaint.

"Respondeat superior is a common law principle of secondary liability and generally 'summarizes the doctrine that a master or other principal is responsible, under certain circumstances, for the conduct of a servant or other agent.'" Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1577 n. 28 (9th Cir. 1990) (quoting Seavey, *Speculations as to "Respondeat Superior,"* Harv. Legal Essays 433 (1934)). Respondeat superior is commonly applied when an

---

[4] The Court notes that this does not affect Plaintiffs' claims in the fifth and ninth causes of action for vicarious liability against Fresno County as County Defendants are not challenging those claims.

11

employer is liable for a tort committed by an employee acting within the scope of employment or when an agent who has actual or apparent authority makes a misleading statement. Hollinger, 914 F.2d at 1577 n. 28 (citing Restatement (Second) of Agency §§ 219, 257, 261 (1958)).

Other district courts have recognized that respondeat superior is not a standalone cause of action, but rather a theory of liability. See Gonzalez v. Nevada Dep't. of Corr., No. 2:12-CV-02143-RFB, 2015 WL 471108, at *7 (D. Nev. Aug. 6, 2015) (citation omitted); Stargaze Management, LLC v. George Smith Partners, Inc., No. CV 15-2755-R, 2015 WL 4127838, at *3 (C.D. Cal. July 6, 2015) (citation omitted); Fid. Nat. Title Ins. Co. v. Castle, No. C 11-00896 SI, 2011 WL 6141310, at *15 (N.D. Cal. Dec. 8, 2011) (citation omitted); Mason v. Ambrose Recreation and Park Dist., No. C 10-2201 PJH, 2010 WL 3076263, at *1 (N.D. Cal. Aug. 5, 2010) (citation omitted); Wright v. N. Am. Terrazo, No. C12-2065JLR, 2013 WL 441517, at *2 (W.D. Wash. Feb. 5, 2013) (citation omitted).

For each cause of action for which a plaintiff seeks to hold a defendant liable pursuant to a theory of respondeat superior, respondeat superior should be alleged within that cause of action.[5] Therefore, the Court recommends that the respondeat superior standalone cause of action be dismissed without leave to amend.[6]

6. Eighth Cause of Action for Negligence

County Defendants argue that Plaintiffs cannot bring a cause of action for damages directly under Section 13 of Article I of the California Constitution because that section does not confer a private right of action for damages. Plaintiffs concede that Section 13 of Article I of the

---

[5] The Court notes that to the extent that the seventh cause of action is attempting to bring a respondeat superior claim based on the first, second, or third causes of action, which are claims under 42 U.S.C. § 1983, there is no vicarious liability under 42 U.S.C. § 1983. See Monell, 436 U.S. at 691. To the extent that the seventh cause of action is an attempt to allege respondeat superior for the Bane Act or assault claims in the fourth and fifth causes of action, the Court notes that this would be duplicative as vicarious liability is already alleged in those causes of action. To the extent that the seventh cause of action is an attempt to allege respondeat superior for the battery claim in the sixth cause of action, the respondeat superior theory should be specifically alleged in the battery claim so that it is clear that the claim is against Fresno County for battery based on a theory of respondeat superior.

[6] County Defendants asserted in the motion to dismiss that to the extent that the seventh cause of action was a negligent hiring claim against Fresno County based on the allegations that Deputy Solis was unfit and that Fresno County was reckless in employing him, that Plaintiffs had not stated a claim. Plaintiffs did not address this issue in their opposition. The Court is recommending that the respondeat superior standalone claim in the seventh cause of action be dismissed. To the extent that Plaintiffs are attempting to bring a negligent hiring claim, they must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

1 California Constitution does not confer a private right of action for damages and they request
2 that paragraph 75 be struck. Therefore, the Court recommends that the Section 13 of Article I of
3 the California Constitution claim in the eighth cause of action for negligence be dismissed
4 without leave to amend.

###### 7. Eleventh Cause of Action for Negligent Infliction of Emotional Distress

County Defendants argue that the eleventh cause of action for negligent infliction of emotion distress is redundant of the eighth cause of action for negligence. Plaintiffs concede that the eleventh cause of action of action for negligent infliction of emotional distress is redundant and should be dismissed. Therefore, the Court recommends that the eleventh cause of action for negligent infliction of emotional distress be dismissed without leave to amend.

### B. Motion for a More Definite Statement

County Defendants also move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement because the complaint is vague and ambiguous as to which claims or injuries are being raised by Minor Plaintiff, Ms. Elliott, or the both of them together.[7] In addition, County Defendants assert that the fourth and tenth causes of action fail to adequately identify which defendant(s) the claims are being brought against.

Plaintiffs clarify in their opposition that the defendants in the fourth and tenth causes of action should be Deputy Solis, Sheriff's Department, and Fresno County. Plaintiffs also clarify that Ms. Elliott's only claims are in twelfth and thirteenth causes of action. As Plaintiffs have conceded the argument regarding which defendants are named in the fourth and tenth causes of action and what causes of action Ms. Elliot is bringing, the Court finds that Plaintiffs should be ordered to file an amended complaint which identifies which defendants are named in the fourth and tenth causes of action and which identifies which causes of action are brought by which plaintiffs. In order to avoid any ambiguities, Plaintiffs' amended complaint should identify for each cause of action which plaintiff(s) is bringing the cause of action and which defendant(s) it is against.

---

[7] As Plaintiffs concede that the eleventh cause of action is redundant and the Court recommends that it be dismissed without leave to amend, any arguments regarding a more definite statement for the eleventh cause of action are moot.

13

As County Defendants point out, there are instances throughout the complaint where Plaintiffs use "Minor Plaintiff" and other instances where Plaintiffs use "Plaintiff" and these appear to be the same person. However, there are other instances throughout the complaint where Plaintiffs state "Plaintiff" and it refers to Ms. Elliott. Also, in several places throughout the complaint there are allegations that refer to "Plaintiffs." While Plaintiffs concede that Ms. Elliott's claims are limited to the twelfth and thirteenth causes of action, it is unclear in some of the paragraphs in the complaint whether Plaintiffs are referring to Minor Plaintiff, Ms. Elliott, or both. Therefore, Plaintiff should clarify these ambiguities in an amended complaint by identifying which plaintiff is being referred to in the allegations throughout the amended complaint to avoid any ambiguity. Thus, the Court recommends that County Defendants' motion for a more definite statement be granted.

## V.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. County Defendants' motion to dismiss be GRANTED as follows:
   a. Fresno County Sheriff's Department be dismissed as a defendant without leave to amend;
   b. Punitive damages allegations against Fresno County be dismissed without leave to amend;
   c. The Fifth Amendment and Eighth Amendment theories in the first cause of action be dismissed without leave to amend;
   d. The Fourteenth Amendment theory in the first cause of action be dismissed with leave to amend;
   e. The direct liability claims against Fresno County in the fifth and ninth causes of action be dismissed with leave to amend;
   f. The seventh cause of action for respondeat superior as a standalone claim be dismissed without leave to amend;
   g. The Section 13 of Article I of the California Constitution claim in the eighth cause

| | | |
|---|---|---|
| 1 | | of action for negligence be dismissed without leave to amend; |
| 2 | h. | The eleventh cause of action for negligent infliction of emotional distress be |
| 3 | | dismissed without leave to amend; |
| 4 | 2. | County Defendants' motion for a more definite statement be GRANTED; and |
| 5 | 3. | The hearing set for October 25, 2017, at 10:00 a.m. in Courtroom 9 is HEREBY |
| 6 | | ORDERED VACATED. |

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of these findings and recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Within fourteen (14) days of service of any objections, any party may file a reply. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 24, 2017**

UNITED STATES MAGISTRATE JUDGE