1  James D. Weakley, Esq.    Bar No. 082853
   Ashley N. Torres, Esq.    Bar No. 312120
2
              Weakley & Arendt
3           A Professional Corporation
          1630 East Shaw Ave., Suite 176
4            Fresno, California 93710
            Telephone: (559) 221-5256
5           Facsimile: (559) 221-5262
               Jim@walaw-fresno.com
6            Ashley@walaw-fresno.com

7  Attorneys for Defendants, County of Fresno and Deputy Andres Solis

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOPHIA ELLIOTT, ET AL., | ) CASE NO. 1:17-cv-01214-LJO-SAB ) |
| Plaintiffs, | ) ) ORDER RE STIPULATED PROTECTIVE |
| vs. | ) ORDER ) |
| ROBERT ROSS, ET AL, | ) (ECF No. 28) ) |
| Defendants. | ) ) |

The parties jointly present this Stipulated Protective Order for the Court's approval.

**1. PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties in this matter have petitioned the Court to enter the following Protective Order. Good cause appearing, the Court ORDERS as follows:

**2. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined in paragraph 4.1), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information:

(a) any information that is in the public domain at the time of disclosure to the Parties or becomes part of the public domain after its disclosure to the Parties as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Parties prior to the disclosure or obtained by the Parties after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Parties. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4. BASIS FOR PROTECTIVE ORDER (LOCAL RULE 141.1(c)

The Parties contend that certain documents that may be requested in discovery are eligible for protection under a protective order, including, but not limited to, information from peace officer personnel files. Under California law, peace officer personnel files are subject to statutory protection by the Peace Officer Bill of Rights (Cal. Gov. Code §3301), the Official Information Privilege, as well as other statutes and doctrines.

4.1. Defendants shall produce the Protected Material, subject to this Protective Order on the following conditions:

Redaction of Confidential Information. Considering the privacy concerns contained in the personnel and Internal Investigation Records, Defendants shall redact the personal identifying information (social security numbers, dates of birth, driver's license number, home

Stipulated Protective Order

2

addresses, telephone numbers, financial and credit histories, medical and psychological information) for defendant officers and non-defendant officers. For victims, witnesses, complainants, detainees, and arrestees, the last four digits of the social security number, date of birth, driver's license number, home address, and telephone number will be provided without redaction. Defendants shall also redact the identities of domestic violence victims electing to remain confidential under California Penal Code section 293.

    4.2    <u>Manner and Timing of Designations</u>. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Defendants affix " Confidential Material Subject to Protective Order" or "Confidential Material Subject to Protective Order – Counsel Only" (hereinafter collectively "Protected Material") to each page of the protected material.

(b) "Protected Material" shall be defined as documents or information for which the designating party would be entitled to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law. Protected Material labeled "*Confidential – Counsel Only*" are documents that also contain sensitive personal information, including, for example, personnel records and medical records.

(c) For testimony given in deposition or in other pretrial or trial proceedings, that the Defendants identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(d) For information produced in some form other than documentary and for any other tangible items, that the Defendants affix the confidential designation in a prominent place on the exterior of the container or containers in which the information or item is stored.

    4.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Defendants' right to secure protection under this Order for such material. Upon timely correction of a designation,

Stipulated Protective Order

3

Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1 <u>Basic Principles</u>. The Parties may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Parties must comply with the provisions of section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2 <u>Disclosure of Protected Material</u> Unless the Court Orders otherwise, Protected Material and the information contained therein may be disclosed only to the following persons:

(a) Counsel of record and the named parties;

(b) Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

(c) The court and its personnel;

(d) Stenographic reporters and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

(e) Any outside expert or consultant retained by the parties for purposes of this litigation;

(f) Witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order;

(g) Any person expressly named and agreed to in writing by the parties.

(h) Notwithstanding the foregoing, protected health information may be

disclosed to the person about whose health the information refers.

(i) Nothing in this protective order is intended to prevent officials or employees of the County of Fresno, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

6. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in any other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

(a) Promptly notify in writing the Defendants. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Defendants who's Protected Material may be affected.

If the Defendants timely seek a protective order, the Parties shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Parties have obtained the Defendants' permission. The Defendants shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

7. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

(a) With the exception of disclosure pursuant to paragraphs 5.2(a), (b), (c), and (h) above, each person to whom the parties' counsel discloses confidential information or Protected Material shall, prior to the time of disclosure, be provided with a copy of this Protective Order

and shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b) Plaintiffs' and Defendants' counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of this litigation, including appeals. Plaintiffs' and Defendants' counsel are responsible to ensure that these individuals comply with this protective order.

(c) If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify the Defendants in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) were made of all the terms of this Protective Order and provide them with a copy, (d) request that person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 8. **MISCELLANEOUS**

8.1 <u>Right to Assert Other Objections</u>. With the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

8.2 <u>Filing Protected Material</u>. All Protected Material that is filed with the Court shall be filed with a request to seal documents in accordance with Eastern District of California Local Rule 141. Upon failure of the filing party to file confidential documents under seal in accordance with Local Rule 141, any party may request that the Court place the document under seal.

## 9. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 3, Plaintiffs must return all Protected Material to Defendants or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiffs must submit a written certification to the Defendants by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiffs have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

DATED: February 14, 2018                WEAKLEY & ARENDT,
                                        A Professional Corporation

                                    By: /s/ Ashley N. Torres
                                        James D. Weakley
                                        Ashley N. Torres
                                        Attorneys for Defendants County of
                                        Fresno, Fresno County Sheriff's
                                        Department, and Deputy Andres Solis

DATED: February 14, 2018                ERICKSEN ARBUTHNOT

                                    By: /s/ Michael E. Lehman[1]
                                        David J. Frankenburger
                                        Michael E. Lehman
                                        Attorneys for Defendant/Cross-Complainants,
                                        Richard Ross and Patrick J. McComb, dba
                                        Drive America

---

[1] Electronic signature authorized via email on February 14, 2018.

Stipulated Protective Order

DATED: February 16, 2018      NUTTAL & COLEMAN

By: /s/ Mark W. Colman[2]
Mark W. Coleman
Attorney for Dominic Elliott by and thru
His GAL Sophia Elliott

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered;
2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and
3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: **February 20, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[2] Electronic signature authorized via email on February 16, 2018.

Stipulated Protective Order