**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SOPHIA ELLIOTT; and DOMINIC ELLIOTT,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEPUTY ANDRES SOLIS,** *et al.***,**<br><br>Defendants. | 1:17-cv-01214-LJO-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTY DEFENDANTS AND DENYING PLAINTIFFS' REQUEST TO REMAND**<br><br>**(Doc. 46)** |

In March 2019, Plaintiffs settled with Defendants County of Fresno and Deputy Solis, ("County Defendants") against whom all the federal claims supporting federal jurisdiction were stated.[1] After this settlement occurred, Defendants Ross and McComb filed a motion for summary judgment on March 27, 2019, which has now been fully briefed and taken under submission. (Doc. 36). On April 23, 2019, Plaintiffs filed a motion to dismiss County Defendants pursuant Federal Rule of Civil Procedure 41(a)(2) and requested the remaining state-law claims against Defendants Ross and McComb be remanded to state

---

[1] The facts and procedural history of the case are well known to the parties and will not be restated here.

1

court. (Doc. 46.)

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Id*. (citation omitted). Although Defendants Ross and McComb oppose Plaintiffs' motion to dismiss County Defendants, they do not state any prejudice stemming from the dismissal itself, unless that dismissal includes remand of the case to state court. County Defendants, having settled Plaintiffs' claims against them, do not oppose dismissal. The Court finds dismissal of County Defendants under Rule 41(a)(2) is appropriate and will not, itself, prejudice Defendants Ross and McComb.

As all the federal claims supporting jurisdiction were stated against County Defendants, the Court must determine whether it should continue to exercise supplemental jurisdiction over the remaining state-law claims against Defendants Ross and McComb. Supplemental jurisdiction is a doctrine of discretion, not of right. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Supplemental jurisdiction over state-law claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc*., 936 F.2d 417, 421 (9th Cir. 1991)); *see also* 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction over a state-law claim if (1) the claim raises a novel or complex issue of state law; (2) the state-law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

When "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726. Such a

dismissal is not "a mandatory rule to be applied inflexibly in all cases." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This determination is to be guided by the values of economy, convenience, fairness, and comity outlined in *Gibbs*, 383 U.S. at 726.

Defendants Ross and McComb maintain they would suffer delay and extra expense because not only have they filed a motion for summary judgment which would have to be re-worked if it were to be filed subsequently in state court, they have a definitive trial date set for July which would be indefinitely delayed upon remand. The Court agrees.

There is very little judicial economy to be gained or preserved through remand. This Court has already invested resources deciding a motion to dismiss and scheduling the case. Discovery is complete, the trial date is approaching, and a motion for summary judgment has been fully briefed and taken under submission. Moreover, the convenience and fairness factors weigh strongly against remand in that the parties will be forced to re-file their briefs pertaining to summary judgment in a new forum, which will require more resources in editing and filing fees. The trial is currently set for July, but upon remand a new trial date may be months or even years away, not to mention the added expense of meeting, conferring, and appearing at a case management conference to reset the remaining deadlines and hearing dates. Although Plaintiffs request remand, this will subject the parties to significant delay and expense. Finally, while comity is certainly served by returning matters of state law to the state court, this factor is strongly outweighed by issues of convenience and fairness. In its discretion, the Court elects to continue exercising supplemental jurisdiction over the state law claims against Defendants McComb and Ross under 28 U.S.C. § 1367.

The parties should note their July 30, 2019, trial currently trails a criminal case set for trial on the same date which has priority. Should that criminal matter not resolve prior to July 30, 2019, this case will trail day to day until the criminal trial is completed. The parties are strongly encouraged to consider consenting to the jurisdiction of the Magistrate Judge who can provide a firm trial date.

## **ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to dismiss the claims with prejudice against the County of Fresno and Sheriff's Deputy Andres Solis pursuant to Federal Rule 41(a)(2) is GRANTED; and

2. Plaintiffs' request to remand the proceedings to state court is DENIED.

IT IS SO ORDERED.

Dated: **May 9, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE