# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOPHIA ELLIOTT; and DOMINIC ELLIOTT,** | **1:17-cv-01214-LJO-SAB** |
| **Plaintiffs,** | **ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | **(Doc. 36)** |
| **DEPUTY ANDRES SOLIS,** *et al.***,** | |
| **Defendants.** | |

## I. INTRODUCTION

Patrick J. McComb ("McComb"), doing business as Drive America, and his alleged agent Defendants Richard Ross ("Ross") (collectively, "Defendants"), filed a motion for summary judgment in March 2019, which Plaintiffs Dominic Elliott ("Dominic") and Sophia Elliott ("Sophia") (collectively, "Plaintiffs") oppose. (Doc. 36.) For the reasons set forth below, Defendants' motion for summary judgment is GRANTED in part and DENIED in part.

## II. FACTUAL BACKGROUND

For purposes of this motion, the basic factual background of the alleged incident is not in dispute. Where there are disputed issues of fact, they are noted. In April 2016, Dominic was 16 years old and completing his driver training at Drive America, owned by Defendant McComb. To perform the requisite behind-the-wheel training, Drive America furnished Dominic a vehicle which Dominic was to drive accompanied by a driving instructor, Defendant Ross, who was employed by Defendant McComb. During the course of his driving lesson on April 21, 2016, Dominic was stopped by Fresno County Sheriff's Deputy Andres Solis ("Solis"), who performed a "high-risk felony traffic stop" due to the vehicle allegedly displaying a license plate that had been lost or stolen. (Cmplt. ¶ 15; Solis Depos., 15:7-14, Doc. 48-7, p. 3.)

Once stopped, Dominic was ordered to exit the vehicle, at which time he was grabbed on his right arm and was handcuffed. (Cmplt., ¶¶ 18-19.) After it was ascertained the vehicle Dominic was driving was *not* stolen, Dominic was released and Ross returned Dominic to his home. (Cmplt., ¶ 104.) Dominic alleges as a result of this detention, he was frightened, intimidated, and he suffered emotional distress, injury to his right-upper extremity, and other injuries including pain and contusions. (Cmplt., ¶ 20.) Specifically, as it pertains to Defendants and the negligence claim against them, Dominic alleges Defendants' caused him to be "assaulted and battered" by deputy Solis. (Cmplt., ¶ 103.)

Dominic and his mother Sophia filed suit against the County of Fresno and deputy Solis ("County Defendants") alleging several federal causes of action; and they stated claims against McComb and Ross for negligence and negligent infliction of emotional distress ("NIED"). Dominic and Sophia settled their claims against County Defendants; McComb and Ross subsequently filed a motion for summary judgment as to the claims against them; and Plaintiffs then sought dismissal of County Defendants under Rule 41(a)(2). County Defendants were dismissed from the action; the case proceeds pursuant to the Court's supplemental jurisdiction over the state-law claims against McComb and Ross for negligence and NIED. It is Ross and McComb's summary judgment motion that is

currently pending before the Court.

## III. ANALYSIS

**A.      Legal Standard**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *See id*. at 255; *see also Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000). But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Liberty Lobby, Inc*., 477 U.S. at 249-50. A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby, Inc*., 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted).

The moving party bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(c); *Liberty Lobby, Inc*., 477 U.S. at 250.

3

**B.     Plaintiffs' NIED Claim is Dismissed**

Defendants' motion for summary judgment argues Sophia's NIED claim is insufficient as matter of law. In opposition to the motion for summary judgment, Plaintiff Sophia Elliott purportedly "withdraws" her NIED claim against Defendants. (Doc. 48, 10:14-16.)

As to the NIED claim that all parties seem to agree was brought by Sophia Elliott in her individual capacity,[1] and not Dominic Elliott, a plaintiff may not voluntarily withdraw claims after the defendant has filed a motion for summary judgment without first obtaining leave of the Court. Fed. R. Civ. P. 41(a)(2). In exercising its discretion, "[a] district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

As Defendants argue in their motion for summary judgment, Sophia Elliott's NIED claim is not viable because she was not a witness to Dominic's injury. "[NIED] is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal. 4th 123, 129 (1993). NIED cases are grouped in two categories: (1) bystander cases where the plaintiff is not physically impacted or injured, but instead witnesses someone else being injured due to defendant's negligence; and (2) direct-victim cases where the plaintiff's claim of emotional distress is not based on witnessing an injury to someone else, but rather upon the violation of a duty directly owned to the plaintiff. *Wooden v. Raveling*, 61 Cal. App. 4th 1035, 1038 (1998). As the NIED claim here is stated by Sophia Elliott, it is a bystander NIED claim.

---

[1] The FAC was brought by minor Dominic Elliott, by and through his guardian ad litem Sophia Elliott, and also by Sophia Elliott in her individual capacity. (Doc. 18.) The first eight causes of action against County Defendants are brought by "minor Plaintiff." However, the ninth and tenth causes of action against Defendants Ross and McComb for negligence and negligent infliction of emotional distress, respectively, are brought by Plaintiff Sophia Elliott – not in her capacity as guardian ad litem. The ninth and tenth causes of action do not purport to be on behalf of Dominic; this appears to stem from Dominic's original designation as a minor. (Doc. 18, ¶¶ 101-107.) When Dominic Elliott reached the age of 18, he was substituted in place of his mother acting as guardian ad litem. (Docs. 37, 41.) In their reply brief, Defendants oppose the negligence claim as stated by Plaintiff Dominic Elliott and indicate they consider Plaintiffs' withdrawal of "Sophia's" NIED claim as a concession that no disputed issues on that claim exist and summary judgment in favor of Defendants is appropriate.

4

A bystander NIED claim requires the plaintiff to show that she is (1) closely related to the injury victim; (2) present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) suffering emotional distress beyond that which would be anticipated in a disinterested witness. *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989). There is nothing pled, nor is there evidence produced, showing Sophia Elliott was present at the time of Dominic's detention when his alleged injuries to his arm and wrist occurred. This claim is subject to dismissal with prejudice; it appears Plaintiffs' "withdrawal" of this claim is to avoid a near-certain adverse ruling, and a Rule 41(a)(2) voluntary dismissal is not appropriate. Defendants' motion for summary judgment of the NIED claim is GRANTED.

**C.     There are Disputed Issues of Fact as to Plaintiffs' Negligence Claim**

Defendants argue Plaintiffs' negligence claim fails as a matter of law because they owe no legal duty of care to protect Dominic or other student drivers from the risk of excessive force or assault and battery by police officers because such conduct is not foreseeable. Even if there were such a duty, Defendants maintain the allegations of the complaint are that Defendants failed to properly register or report the vehicle Dominic was driving was properly licensed. Defendants proffer evidence the vehicle Dominic was driving was properly licensed and registered; accordingly, they argue there is no breach of any duty based on the failure to properly license or register the vehicle. Finally, Defendants maintain there is no causal connection between Defendants' alleged breach of the duty of care and Dominic's harm because deputy Solis' acts were a superseding cause of Dominic's harm.

        **1.     Defendants Owed A Legal Duty of Care to Dominic**

Plaintiffs contend McComb, doing business as a driving school, and Ross as McComb's agent, owe student drivers to whom they furnished vehicles to complete behind-the-wheel training – specifically, Dominic – a duty of care to ensure those vehicles are properly registered, licensed, and do not have license plates affixed that indicate to law enforcement the plates or the vehicle are stolen. A negligence claim requires establishing three necessary elements: (1) a legal duty of care, (2) a breach of

the duty, (3) proximate cause between the breach and (4) the plaintiff's injury resulting from the breach. *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998). The threshold element "of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Adelman v. Associated Int'l. Ins. Co.*, 90 Cal. App. 4th 352, 361 (2001). Under general negligence principles, a person ordinarily is obligated to exercise due care in his or her own actions so as not to create an unreasonable risk of injury to others, and this legal duty generally is owed to the class of persons who it is reasonably foreseeable may be injured as the result of the actor's conduct. Cal. Civ. Code § 1714. This general duty of care "includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct (including the reasonably foreseeable negligent conduct) of a third person." *Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 716 (2001). "The determination of duty is primarily a question of law." *Weirum v. RKO General, Inc.*, 15 Cal. 3d 40, 46 (1975).

Defendants argue that as a matter of law the alleged battery by deputy Solis was not a foreseeable harm which they had any duty of care to prevent. The California Supreme Court has identified public policy considerations to guide the determination as to whether or not a duty of care exists: the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability cost, and prevalence of insurance for the risk involved. *Rowland v. Christian*, 69 Cal. 2d 108, 113 (1968). The *Rowland* factors fall into two categories: three factors – foreseeability, certainty, and the connection between the plaintiff and the defendant – address the foreseeability of the relevant injury, while the remaining four – moral blame, preventing future harm, burden, and the availability of insurance – take into account public policy concerns that might support excluding certain kinds of plaintiffs or injuries from relief. *Kesner v. Super. Ct.*, 1 Cal. 5th

1132, 1145 (2016).

### a. Foreseeability, Certainty, and Connection Factors Favor Imposition of a Duty of Care

"The foreseeability of the harm, though not determinative, has become the chief factor in the duty analysis." *Scott v. Chevron U.S.A.*, 5 Cal. App. 4th 510, 515 (1992). "[F]oreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct." *Bigbee v. Pacific Tel. & Tel. Co.*, 34 Cal. 3d 49, 57 (1983) (internal citation and quotation marks omitted). "What is required to be foreseeable is the general character of the event or harm . . . not its precise nature or manner of occurrence. . . ." *Id.* at 57-58. Yet, "the creation of a legal duty requires more than a mere possibility of occurrence since, through hindsight, everything is foreseeable." *Hegyes v. Unjian Enterp.*, *Inc.*, 234 Cal. App. 3d 1103, 1133 (1991).

Plaintiffs allege the training vehicle Dominic was driving had a registration or other identifying information that indicated to law enforcement the vehicle was stolen. (FAC, ¶ 103.) Plaintiffs supply police reports indicating that on May 29, 2014, McComb reported the rear license plate 5DBD903 was stolen from a *blue* 2003 Ford Focus owned by McComb. (Doc. 48-4, p. 3.) While Dominic was driving a vehicle furnished by Defendants during his behind-the-wheel training, a Fresno Sherriff's deputy checked the license plate on that training vehicle and matched it to the plate number that had been reported stolen by McComb. (Solis Depos., pp. 16:2-17, 19:7:10; Doc. 48-7, pp. 3, 4.) Deputy Solis also noted the color of the car from which the license plate had been reported stolen was not the same color as the vehicle Solis observed the license plate was attached (*id*); as a result, deputy Solis executed a "high risk" or "felony" stop on suspicion that either the car or the license plate was stolen. (Solis Depos., pp. 29:1-7, 30:2-9; Doc. 48-7, pp. 6, 7.) The high-risk stop involved officers stopping the training vehicle and approaching the vehicle with weapons drawn, pointed at the vehicle. (Solis Depos., p. 28:16-25; Doc. 48-7, p. 6.)

7

Plaintiffs allege during the felony stop Dominic was grabbed on his right arm and handcuffed, causing severe injuries to his right upper arm, including "Complex Pain Syndrome Type 2." (FAC, ¶ 18.) Plaintiffs allege Defendants' negligence caused Dominic to become "assaulted and battered" by deputy Solis. (FAC, ¶ 103.) Plaintiffs also allege Dominic suffered injury to his nervous system and person which caused him great mental, physical, and nervous pain and suffering. (FAC, ¶ 110.)

Defendants argue battery by a police officer, which by legal definition requires the use of unreasonable or excessive force,[2] is not foreseeable during the course of an arrest or detention. According to Defendants, because excessive force by a police officer is not foreseeable, there can be no duty to protect Dominic from unreasonable police conduct that causes injuries. Defendants cite *Willis v. Mullins*, No. 1:04-cv-6542-AWI-BAM, 2017 WL 4960223, at *8 (E.D. Cal. 2017) for the proposition that excessive force is not a reasonably foreseeable result of law enforcement action. In that case, a former parole was subject to an improper parole search in a hotel room where a police supervisor directed the search take place. In refusing to extend supervisor liability, the court considered whether it is reasonably foreseeable to a supervisor that particular subordinates would take actions that lead to a violation of constitutional rights. The court observed that "it is understood that when police officers interact with civilians, there is always the possibility of excessive force or search/arrest without sufficient case. However, . . . that is not the intended or expected result." The court concluded that the independent and unexpected actions of police officers effected a breach in the chain of causation to the constitutional injury (illegal search) the plaintiff had claimed.

Plaintiffs' characterization of the use of force by deputy Solis as "battery" in the complaint is not determinative to the duty analysis for purposes of negligence. First, this description is a legal conclusion about the nature of Solis' conduct, it is not a factual allegation. Second, and more importantly, focusing on the word "battery" to describe Solis' conduct towards Dominic misses the

---

[2] *See* California Civil Jury Instruction (BAJI) 7.54

8

salient inquiry: was the general type of injury Dominic suffered foreseeable. *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1145 (2016) ("court's task in determining duty . . . [is] to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed . . . "). It is foreseeable that a driving school furnishing a student driver with a vehicle whose license plate had been reported by the driving school as stolen would be stopped and detained by law enforcement for a suspected felony and the student driver might sustain physical and emotional injuries during this detention. The first *Rowland* factor supports the imposition of a duty of care. The second *Rowland* factor considers the degree of certainty that the plaintiff suffered injury. *Rowland*, 69 Cal. 2d at 113. This factor "may come into play when the plaintiffs' claim involves intangible harm, such as emotional distress." *Regents of University of Cal. v. Super. Ct.*, 4 Cal. 5th 607, 630 (2018). When the claim involves physical injuries that are capable of identification, as is the case here, this factor tilts in favor of imposition of a duty of care. *Id.*

In the context of supervisor liability in *Willis*, the focus was on the foreseeability of the conduct of the officers, rather than the foreseeability of the type of injuries suffered in the negligence duty-assessment context. The particular conduct of a third party, however, becomes relevant to the legal duty analysis when assessing the third *Rowland* factor, the closeness of the connection between the defendant's conduct and the injury suffered. *Rowland*, 69 Cal. 2d at 113. This factor considers whether a third party's intervening conduct is foreseeable or derivative of the defendants such that it does not diminish the closeness of the connection between the defendant's conduct and the plaintiff's injury. *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1086 (2017). In other words, this factor assesses whether there is a foreseeable relationship between the negligent act and the type of injury suffered. When that relationship is too attenuated, the connection between the defendant's conduct and the injury suffered is diminished. For example, in *Wawanesa Mutual Ins. Co. v. Matlock*, 60 Cal. App.4th 583 (1998), a 17-year-old named Timothy bought two packs of cigarettes from a gas station and gave one

pack to his friend Eric who was not old enough to legally purchase cigarettes; the two then trespassed onto a private storage facility where wooden telephone poles were stacked. A few younger boys joined them playing around the logs; during the play, Eric was bumped and dropped his lighted cigarette between two of the logs which he tried unsuccessfully to retrieve. *Id.* at 585. Eric abandoned the cigarette he dropped, and he and the other boys walked into some bunkers; when they came out of the bunkers after about 20 minutes, they saw flames at the base of the logs and they ran from the location. *Id.* Timothy was found liable for damages to the storage facility's property; on appeal he argued he could not be liable for the damage caused when Eric dropped the cigarette. The appellate court agreed and held Timothy's initial negligence in giving Eric the pack of cigarettes and the subsequent fire were "simply too attenuated to show the fire was *reasonably* within the scope of the risk created by the initial act." *Id.* The court noted all the conduct between furnishing the cigarettes to Eric and his dropping a lit cigarette among a pile of logs had ameliorated the link: had Timothy and Eric not trespassed, engaged in play with younger children on a pile of logs on the premises, and had Eric not been bumped by the younger children causing him to drop the cigarette, the fire would not have started. *Id.* at 588-89.

Here, the intervening act of law enforcement detaining Dominic for a suspected felony and injuring him while securing the scene of the detention is the type of foreseeable harm resulting from placing Dominic in a car bearing a license plate Defendant McComb had reported stolen. *See Pool v. City of Oakland*, 42 Cal. 3d 1051, 1170 (2006) ("It is settled that being arrested by the police is one of the foreseeable consequences of reporting a transaction as illegal."). Further, Dominic's injuries are a foreseeable result from a high-risk felony stop by law enforcement, even assuming officers used appropriate force to secure the scene. Some risk of injury is always present during a police seizure. This is different from the too-attenuated link between giving a minor a pack of cigarette and that minor setting fire to a storage facility's premises – there, the intervening acts of trespassing, the younger children bumping Eric, and dropping the cigarette between logs the kids were playing on cut off the connection between the original negligent act and the property injuries sustained. Here, the connection

10

between Dominic's injury and Defendants' failure to maintain the training vehicle's license plates such that they did not appear stolen to law enforcement is fairly direct and not attenuated by a number of intervening and unforeseeable factors: Defendants reported the license plate stolen, placed Dominic in a car with that plate affixed, law enforcement foreseeably stopped Dominic for a suspected felony, and in the course of the detention allegedly caused injury to Dominic's arm and wrist.

If Dominic's injuries resulted from overly-tight handcuffs or other force that was excessive under the circumstances, deputy's Solis' conduct or that of the other officer conducting the stop may be a superseding intervening event. *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 573 n.9 (1994) (superseding cause absolves tortfeasor when independent event interferes in chain of causation producing harm of a kind and degree so far beyond the risk the original tortfeasor should have foreseen that the law deems it unfair to hold him responsible.). This, however, is a question of causation, and it is a highly factual one: were Dominic's injuries the result of proper police procedure or were they the result of improper, excessive force.

The foreseeability factors favor the imposition of a duty on a driving school to maintain its training vehicles' license plates lawfully and in a manner that does not indicate to law enforcement the plates are stolen. The Court turns next to the public policy factors.

### b. Public Policy Factors Favor Imposition of a Duty

"[F]oreseeability alone is not sufficient to create an independent tort duty." *Vasilenko*, 3 Cal. 5th at 1086-87. The existence of a duty depends on the foreseeability of the risk and weighing public policy considerations which include the moral blame attached to defendant's conduct, the policy of preventing future harm, and the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. *Id.* "Foreseeability and the extent of the burden to the defendant are ordinarily" considered to be the "crucial" public policy considerations. *Castaneda v. Olsher*, 41 Cal. 4th 1205, 1213 (2007). The burden to the defendants here of making sure training

11

vehicles furnished to student drivers have license plates that are not reported stolen is not a particularly high burden to carry. Defendants themselves were responsible for reporting theft related to the business vehicles they operate, the theft of auto license plates is certainly an insurable risk, and ensuring training vehicles do not retain plates Defendants have reported stolen is a small task and should be easily monitored.[3] Here, the burden to Defendants is relatively low and the foreseeability of resulting injury in the form of physical and emotional injuries due to law enforcement intervention is fairly high. That supports the imposition of a legal duty of care. *See Ann M v. Pacific Plaza Shopping Center*, 6 Cal. 4th 666, 678-79 (1993) (where harm can be prevented by simple means, a lesser degree of foreseeability may be required to impose a duty of care).

In sum, the fact that Plaintiffs allege deputy Solis "battered" Dominic during the course of the detention does not create a binding factual admission as to deputy Solis' conduct. While a judicial admission in a pleading has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact, *American Title Ins. Co. v. Lacelaw Corp.* 861 F.2d 224, 226 (9th Cir. 1988), to constitute a judicial admission in a pleading, the party against whom the admission is sought must have admitted a *fact. Foley v. JetBlue Airways, Corp.*, No. 10-cv-3882-JCS, 2011 WL3359730, at *9 (N.D. Cal. Aug 3, 2011); *Pierson v. Ford Motor Co.*, No. 06-cv-6503, 2008 WL 7074289, at *2 (N.D. Cal. Oct 3, 2008) (allegation in complaint that negligence of non-party caused the accident was a legal conclusion or opinion, not a statement of fact or formal admission with the effect of withdrawing a fact from issue).

Rather, when considering the *Rowland* factors, the imposition of a duty to ensure vehicles furnished to students to complete behind-the-wheel training have license plates lawfully affixed to the vehicle that have not been reported stolen by the driving school is appropriate. Defendants' argument

---

[3] There is a process through the California DMV for obtaining duplicate or substitute license plates after theft of the original plate or plates – it appears relatively uncomplicated to obtain substitute license plates which have a different number/letter configuration to avoid the risk of law enforcement making a felony stop of any vehicle on which the remaining plate is affixed.

12

there is no duty of care because Plaintiffs characterized deputy Solis' conduct during the detention of Dominic as "battery" is not determinative and does not preclude foreseeability.

### 2. There are Disputed Issues of Fact Whether Defendants' Breached the Duty of Care

Defendants point to the complaint as framing their duty of care to properly license and register the vehicle on which Dominic was training. Defendants submit evidence the 2003 Ford Dominic was driving at the time of his detention was properly licensed and registered. (McComb's Decl., Exh. A-B, Doc. 36-3.) Given this evidence, Defendants argue there is no evidence or disputed fact this duty of care has been breached. Defendants also argue there is no allegation their duty of care extended to anything beyond proper licensure and registration of the vehicle; to the extent Plaintiffs seek to amend the complaint to make an allegation stating a different duty of care, it should not be permitted.

As to the scope of the duty Plaintiffs allege, the complaint alleges the registration or some other identifying information indicated to law enforcement that the vehicle was stolen and that Defendants had failed to properly register or report said vehicle was properly licensed. Plaintiffs argue this allegation encompasses Defendants' purported duty to ensure that the driving school's training vehicles' license plates had not been reported stolen. Plaintiffs indicate if their allegations are not sufficient to encompass this duty, they will amend their complaint.

Before summary judgment, a party must set out the material averments supporting each claim. Because "summary judgment is not a procedural second chance to flesh out inadequate pleadings," *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9ht Cir. 2006), courts will not grant or deny summary judgment based on unpled theories or claims unless doing so would cause no prejudice to the opposing party, s*ee Pickern v. Pier I Imports* (U.S.), Inc. 457 F.3d 963, 969 (9th Cir. 2006). "While a summary judgment motion does go beyond the pleadings in the sense that it tests the sufficiency of the evidence to support the allegations of the complaint, those allegations still serve to frame – and limit – the issues." *Fox v. Good Samaritan Hosp. LP,* 467 F.Appx. 731 (9ht Cir. 2012) (unpublished).

13

The allegations supporting Plaintiffs' negligence claim includes that Defendants' training vehicle had identifying information indicating to law enforcement the vehicle was stolen, and Defendants failed to properly register or report said vehicle was properly licensed. (FAC, ¶ 103.) This allegation sufficiently encompasses a theory of duty and breach related to maintaining the license plate on the vehicle in a manner that would not indicate to law enforcement the plates or the vehicle were stolen. The parties understood the FAC to encompasses this theory: when the parties submitted their *joint* scheduling report, it was expressly noted Plaintiffs were alleging Defendants McComb and Ross were negligent because the training vehicle had been reported stolen or that the license plate on the vehicle was reported stolen. (Doc. 23, 1:27-2:1.) As such, amendment of the complaint is unnecessary.

In support of their theory of breach, Plaintiffs provide deposition testimony of deputy Solis that the car Dominic was driving was *white*, but the dispatcher indicated the license plate had been stolen from a *blue* Ford Focus. (Solis Depo., p. 16:2-17; Doc. 48-7, p. 3 ("The vehicle in front of me was white and the hit was for a blue Ford Focus.").) Plaintiffs also submit a law enforcement report dated May 30, 2014, indicating Defendant McComb reported that license plate No. 5DBD903 was stolen on May 29, 2014, from a 2003 *blue* Ford Focus – and that is the plate number that was on the *white* car Dominic was driving at the time of the incident. (Coleman Decl., Exh. A, Doc. 48-4, pp. 2-4; Solis Depos., 15:7-14, Doc. 48-7, p. 3.) Plaintiffs have proffered evidence that could support a finding Defendants breached their duty to maintain the training vehicle in a manner that did not indicate to law enforcement that it was stolen or that the license plate on the vehicle was stolen. Defendants' evidence of proper registration and licensing is not dispositive as to whether the vehicle license plates, through Defendants' acts and/or omissions, indicated to law enforcement the vehicle was stolen. And even more problematic, it has also not been established the vehicle Dominic was driving at the time of the incident was actually the vehicle bearing the VIN number 1FAFP34Z93W249520 – which was the VIN number of the blue Ford Focus from which the rear license plate 5DBD903 was reported stolen. While the registration associated with VIN 1FAFP34Z93W249520 proffered by Defendants appears current

14

and correct, it is not clear plate 5DBD903 was attached to *that* vehicle at the time of the stop, since the car stopped by deputy Solis was *white* and the stolen license plate report indicates the car from which it was stolen was *blue*. Deputy Solis also confirmed this VIN number matched the *blue* Ford Focus he examined after the incident, yet he testified at his deposition he stopped a *white* car.

There is a disputed issue of fact whether Defendants breached their duty to keep their training vehicles licensed and registered lawfully and maintained in a manner that did not indicate to law enforcement the vehicles were stolen or that the license plates affixed to the vehicles were stolen. Moreover, there is no evidence the *white* Ford Focus deputy Solis testified Dominic was driving at the time of the incident was properly registered or licensed. Though McComb attests that it was the *blue* Ford Focus Dominic was driving at the time of the incident (Doc. 36-3, McComb Decl., ¶ 2), deputy Solis' testimony directly contradicts that statement. Deputy Solis continued to be confused about this discrepancy in his investigation after the stop. Deputy Solis testified he went to the driving school after the incident and found the *blue* Ford Focus and determined "everything was okay with that": "[c]orrect license plate, the VIN matched, everything matched on that," but noted that it did not make any sense to him based on the stolen plate report. (Solis Depos., 43:14-44:22, Doc. 48-7, p. 9.)

The factual evidence before the Court is in dispute – it is not clear the Ford Focus Dominic was driving was actually plated and registered correctly and lawfully or that it was maintained in a manner that did not indicate to law enforcement the vehicle was stolen or its plates were stolen. There is a material disputed issue of fact with respect to whether Defendants breached their duty of care.

### 3.     There are Disputed Issues of Fact with Regard to Causation

Defendants argue Plaintiffs' complaint characterizes deputy Solis' conduct in detaining Dominic as "battery," which is a legal term that, when applied to peace officers under state law, requires a showing of excessive or unreasonable force. Defendants maintain deputy Solis' "battery" of Dominic was not foreseeable because officers' use of excessive force is not foreseeable. As such, Defendants maintain Solis' conduct was an intervening act that is a superseding cause of the harm Dominic

15

suffered.

A superseding cause relieves a defendant from tort liability for a plaintiff's injuries if both the intervening act and the results of that act are not foreseeable. "Whether an intervening force is superseding or not generally presents a question of fact, but becomes a matter of law where only one reasonable conclusion may be reached." *Chanda v. Fed. Home Loans Corp.*, 215 Cal. App. 4th 746, 756 (2013). The intervening and superseding act itself need not necessarily be a negligent or intentional tort. Rather, "the culpability of the third person committing the intervening or superseding act is just one factor in determining if an intervening force is a new and independent superseding cause." *Ash v. N. Am. Title Co.*, 223 Cal. App. 4th, 1258, 1277 (2014). A superseding-cause defense will absolve the original negligent actor when an independent event intervenes in the chain of causation, producing harm of a kind and degree so far beyond the risk the original actor should have foreseen that the law deems it unfair to hold him responsible. *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 573 n.9 (1994).

As discussed above, Plaintiffs' description of deputy Solis' conduct as "battery" in the complaint is a legal conclusion, not a factual allegation or any type of factual admission. "Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties because "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1109 (2004), *disapproved by Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).[4] Thus, to state a battery claim against a peace officer, a plaintiff must prove the peace officer's use of force was unreasonable. *Id.* "The reasonableness of an officer's conduct is determined in light of the totality of circumstances." *Hayes*, 57 Cal. 4th at 629. This inquiry is highly factual. Plaintiffs alleged the facts and circumstances

---

[4] The California Supreme Court in *Hayes* specifically overruled *Munoz* to the extent that it did not consider conduct preceding an officer's use of deadly force to be relevant to determining whether that use of force gives rise to negligence liability.

16

surrounding deputy Solis performing a high-risk felony stop and detaining Dominic; Plaintiffs also submitted Solis' testimony as to his conduct during the investigatory stop, which may indicate the force used was reasonable under the circumstances. Whether that conduct amounts to excessive force such that it is a superseding cause of harm breaking the chain of causation is a factual matter. Defendants cannot point to the complaint's allegation this conduct amounts to a "battery" to prove the conduct was excessive and, as such, unforeseeable and a superseding cause of Dominic's harm.

///

///

///

///

## IV.   **CONCLUSION AND ORDER**

When a driving school furnishes a vehicle to a student driver to complete behind-the-wheel training, that driving school undertakes a duty to maintain that training vehicle's license plates and registration in a manner that is lawful and in a manner that does not indicate to law enforcement that the vehicle or the affixed license plates are stolen. This includes not placing student drivers in vehicles where license plates have been switched such that the registration and the license plates do not match the associated VIN number on the vehicle being operated, and not placing student drivers in cars with license plates that have been reported stolen by the driving school. There is a disputed issue of fact whether this duty was breached and whether deputy Solis' conduct during the investigatory stop was a superseding cause of harm that vitiates Defendants' purported negligence.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment as to Plaintiffs' NIED claim is GRANTED and that claim is dismissed;

2. Defendants' motion for summary judgment as to Plaintiffs' negligence claim is

DENIED; and

3. Pursuant to the parties' scheduling order, the pretrial conference will be held on June 19, 2019.

IT IS SO ORDERED.

Dated: **May 16, 2019**          **/s/ Lawrence J. O'Neill**
                         UNITED STATES CHIEF DISTRICT JUDGE

18